**Damian HART; Michael G. McKane; Bartholomew L. Trumble, Plaintiffs—Appellees,**

v.

**Joe ARPAIO,\* the duly Elected Sheriff of Maricopa County; Henry H. Haws; George Campbell; Bob Corbin; Hawley Atkinson; Ed Pastor; Defendants—Appellants.**

No. 98–16995.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 1999.\*\*

Submission Vacated and Deferred Dec. 21, 1999.

Resubmitted Jan. 23, 2001.

Decided Jan. 25, 2001.

Before BROWNING, RYMER, and KLEINFELD, Circuit Judges.

MEMORANDUM\*\*\*

Maricopa County and Sheriff Joe Arpaio appeal the district court's order refusing to terminate a consent decree in accordance with the provisions of the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3526(b). The district court relied on the panel opinion in *Taylor v. United States*, 143 F.3d 1178 (9th Cir.1998). However, that opinion was subsequently withdrawn. 158 F.3d 1059 (9th Cir.1998). Since then, three decisions pertinent to the issues raised on appeal have been rendered: *Miller v. French*, 530 U.S. 327, 120 S.Ct. 2246, 147 L.Ed.2d 326 (2000); *Taylor v. United States*, 181 F.3d 1017 (9th Cir.1999) (en banc); and *Gilmore v. California*, 220 F.3d 987 (9th Cir.2000). *Gilmore* holds that § 3526(b) is not unconstitutional, and it controls this appeal on that issue.

Although Hart argues that the amended judgment in this case is similar to the judgment in *Taylor*, we disagree. The judgment here imposes extensive obligations on the County, provides for ongoing compliance, monitoring and reporting, and establishes enforcement mechanisms including ultimately by the court. For this reason the constitutionality of § 3526(b) is not moot as it was in *Taylor*.

Accordingly, we reverse the district court's order and remand for further pro-

---

\* Joe Arpaio is substituted for his predecessor Tom Agnos pursuant to Federal Rule of Appellate Procedure 43(c)(1).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ceedings consistent with *Gilmore*.[1]

REVERSED AND REMANDED.

---

1. In light of this disposition, the motions by the United States to intervene and by the County for remand are moot.

